UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | 3:97-cv-00056 JWS |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| SIDNEY POTTS, | ) | [Re: Request for Recusal |
| | ) | and Motions at dockets |
| Respondent. | ) | 390, 391, 392, 393, 394 |
| | ) | & 402] |

## I. MOTIONS PRESENTED

At docket 391, defendant Sydney A. Potts asks the assigned judge to recuse himself from further participation in this case. Defendant brings his motion under 28 U.S.C. §§ 455 (a) and (b). The government filed an opposition at docket 395, and Potts filed a reply at docket 399. For the reasons below, the motion requesting recusal is being denied. The court will also address the following additional motions filed by Potts in this order.

At docket 390, Potts requests a transcript of a scheduling conference under Fed. R. Crim. P. 58(e). At docket 392, Potts requests subpoenas requiring various persons to appear for depositions. At docket 393, Potts requests expedited consideration of this case, and at docket 394 Potts asks for an expedited hearing. The government filed oppositions at dockets 397 and 398, and at docket 400, Potts filed a reply to the opposition to his motion at docket 400. At docket 402, Potts seeks an order directing his transportation to Anchorage, so that he may testify in connection with an evidentiary hearing.

## II.  STANDARD OF REVIEW FOR RECUSAL

A United States judge is under an affirmative duty to recuse, "in any proceeding in which his [or her] impartiality might reasonably be questioned."[1]  The judge, however, "has 'as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.'"[2]  The standard is whether a "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."[3]  This "reasonable person" means "a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'"[4]

A judge must also recuse in cases where the judge "has a personal bias or prejudice concerning a party or personal knowledge concerning the proceeding."[5]  A litigant seeking to disqualify a judge must establish that the judge's bias or prejudice reflects an obvious inability to fairly preside over a proceeding.[6]  This generally requires that the alleged bias or prejudice arise from an extrajudicial source.[7]  The Supreme Court has recognized that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[8]

---

[1] 28 U.S.C. § 455(a).

[2] *Clemens v. U.S. District Court for the Central District of* California, 428 F.3d 1175, 1179 (9th Cir. 2005) (citation omitted).

[3] *Clemens*, 428 F.3d at 1178 (9th Cir. 2005) (citations omitted); *United States v. Hernandez,* 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting *United States v. Studley,* 783 F.2d 934, 939 (9th Cir. 1986)).

[4] *Clemens*, 428 F.3d at 1178 (citation omitted).

[5] 28 U.S.C. § 455(b)(1).

[6] *See, e.g., Liteky v. United States,* 510 U.S. 540, 551-52 (1994).

[7] *Clemens*, 428 F.3d at 1178, citing *Liteky*, 510 U.S. at 554; *Hernandez,* 109 F.3d at 1454.

[8] *Litekey,* 510 U.S. at 555 (citing *U.S. v. Grinnell Corp.,* 384 U.S. 563, 583 (1966)).

## III. DISCUSSION

### A. Motion at docket 391

Recusal motions brought pursuant to 28 U.S.C. § 455 should be decided by the judge whose recusal is sought.[9] In deciding whether recusal is required, the judge need not accept as true the allegations advanced by the moving party.[10]

Potts' motion is supported with selected quotations from transcripts of earlier proceedings in this case. Potts' motion papers suggest that the court erred in ruling against him on various issues and did not censure his lawyer for what he perceives to be her failure to properly advocate his interests. He points to no extra-judicial source.

Potts' first assertion is that the court "abandoned its role as a detached and impartial finder of fact."[11] To support this contention, Potts sets out background information regarding his plea negotiations with the government and then quotes selectively from a transcript of the final pre-trial conference which took place on July 28, 1997. Of course, the court was not privy to the plea negotiations, but here is what Potts recounts in his motion papers:

> On July 25, 1997, defendant authorized Ms. Geddes [an Assistant Federal Defender who was Potts lawyer at the time] to open negotiations with the government as to a possible stipulated plea. As a condition of the negotiations the government agreed to withhold its filing of its Motion pursuant to 21 USC § 851(a)(1) until the morning of trial, July 28, 1997.

---

[9] *Clemens*, 428 F.3d at 1178; *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994).

[10] *See Clemens*, 428 F.3d at 1178-79 (The Ninth Circuit has adopted a "non-exhaustive list of various matters not ordinarily sufficient to require a § 455(a) recusal. These include: '(1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law or has expressed a dedication to upholding the law or a determination to impose severe punishment within the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere familiarity with the defendant(s), or the type of charge, or kind of defense presented; (5) baseless personal attacks on or suits against the judge by a party; (6) reporters' personal opinions or characterizations appearing in the media, media notoriety, and reports in the media purporting to be factual, such as quotes attributed to the judge or others, but which are in fact false or materially inaccurate or misleading; and (7) threats or other attempts to intimidate the judge.'") (citing the Court of Appeals for the Tenth Circuit).

[11] Doc. 391 at p. 1.

The negotiations did not work out and defendant elected to proceed to trial. The government however, during the last minute preparations had forgotten to file its 851 motion. The only one who remembered the governments [sic] failure was counsel for the defense Ms. Geddes. At this point defendant must commend Ms. Geddes for her integrity toward the government, no matter how inappropriate her conduct was for a Public Defender.[12]

The court has reviewed the entirety of the transcript from which Potts quotes in his moving papers.[13] In summary, the transcript reveals that over the weekend, Potts and Geddes had been negotiating with the government on a plea deal which fell thorough at the last minute. As a result, the government was focused on its case against Potts' co-defendant. Over the weekend neither the government nor Ms. Geddes had put any effort into going to trial on Monday on the charges against Potts. Ms. Geddes wanted to delay opening statements until Tuesday, rather than proceed to opening statements directly after completing the jury selection process on Monday. The court was not inclined to do that. Ms. Geddes persisted to the point that the following exchange took place:

> THE COURT: I have great difficulty seeing why we shouldn't proceed with opening statements and proceed. I have a number of citizens who have been called here at their considerable inconvenience to proceed, to get this matter resolved. And I haven't heard an adequate excuse for continuing the trial.
>
> MS. GEDDES: Excuse me just for a moment, You honor.
> (Whispered side conversation)
>
> MS. GEDDES: Your honor, with Mr. Potts' agreement, I would like to request a brief conference in chambers with counsel, for the purpose of making that profferance. It would be very brief.
>
> THE COURT: I'm sorry, I don't understand. A conference in chambers for purposes - -
>
> MS. GEDDES: Yes.
>
> THE COURT:  - - of doing what?

---

[12]*Id.* at pp. 1-2.

[13]The transcript was filed at docket 160A.

> MS. GEDDES: For the purpose of just discussing the timing of proceeding to trial today. And I would - - it's a discussion I would like to have off the record with Mr. Potts' agreement.
>
> THE COURT: Mr. Potts, do you agree to that?
>
> DEFENDANT POTTS: Yes, I do.[14]

After Potts' co-defendant, Odell Fox, also indicated he had no objection to counsel speaking in chambers about scheduling, all the lawyers and the court had a conference in chambers. Thereafter, the proceedings resumed in the courtroom, and the court announced that it had concluded it was in the interest of all parties to put off opening statements until Tuesday.[15]

After the court's announcement of the delay for opening statements, Assistant United States Attorney Collins advised the court he wanted to put on the record his request relating to Potts' prior felony drug conviction in the context of 21 U.S.C. § 851. This matter was discussed on the record, and Ms. Geddes explained the situation on the record as follows:

> MS. GEDDES: Your honor, I entered into a verbal stipulation with Mr. Collins. Mr. Collins represented to me on Friday that he would be filing the notice on Friday afternoon. And I asked him to wait on the filing of that until Monday morning. That's the extent to which our stipulation did foresee. Beyond that, Mr. Potts wish – wishes to offer an objection to the filing of that as being sufficiently timely.[16]

It appears to be Potts' contention that because the court did not deny the government a chance to file the § 851 notice, that the court somehow "abandoned its role as a detached and impartial finder of fact." Plainly, the record does not support that assertion. Rather, the court was making a decision on an issue raised in the litigation. Further, this seems to be an attempt at an end-run around the successive petition rules,

---

[14]Doc. 160A at pp. 8-9.

[15]*Id.* at p. 9-11.

[16]*Id.* at p. 13.

discussed below, to the extent that Potts is alleging that he failed to receive the effective assistance of counsel at trial.[17]

The second ground for Potts' request that the court recuse is that the court "deliberately mislead [sic] and deceived defendant, with the aid of both the defense attorney and prosecutor."[18] Potts points first to the conference in which he participated where the jury instructions were worked out. There, the court fashioned an instruction telling the jury that Potts was charged with conspiracy to possess with intent to distribute cocaine.[19] It is Potts' contention that, because at the time of sentencing it had been proved there was a quantity of crack cocaine involved, the court was involved in a deception in which his lawyer and the government's lawyer participated. All that happened was the court ruled on what had been proved. This does not establish a basis for recusal.

Potts' third contention is that the court will be a witness to Ms. Geddes' abandonment of Potts' interests by mentioning the § 851 notice to Mr. Collins.[20] While the court would not characterize Ms. Geddes' statements on the record as an abandonment of Potts' interests, the fact is that what she said about the agreement she made with Mr. Collins is a matter of public record quoted in the excerpt set out above.[21] There is no need for any testimony from the court or anyone else as to what she said, because it is reflected in the transcript. To the extent Potts is speculating that something might have been said on this topic during the scheduling conference in

---

[17] *See, e.g.,* Doc. 399 at p. 3 ("Defendant has presented documented evidence that his attorney denied him effective assistance of counsel when she informed the government that it had inadvertently failed to file the pretrial motion requesting enhancement of defendant's sentence if he were found guilty. The transcript of the Final Pretrial Conference is proof positive that the district court abandoned its role as a neutral and detached magistrate when he allowed Ms. Geddes to commit this unethical, unlawful and unconstitutional act without interfering on defendant's behalf.").

[18] Doc. 391 at p. 6.

[19] Transcript of Day 4 of the Trial, doc. 160D at p. 4-106.

[20] Doc. 391 at pp. 11-12.

[21] Doc. 160A at p. 13.

chambers, it is just that – speculation.[22] The court has no recollection of hearing Ms. Geddes say anything about the § 851 notice in chambers, and so would have nothing to say that could support Potts' speculation.

In summary, Potts' concerns are directed at rulings this court made in the case. Potts has provided nothing to support the proposition that the assigned judge should recuse under the standards set forth in Section II of this order.[23]

### B. Motion at docket 390

Potts, relying on Fed. R. Crim. P. 58(e), requests that he be provided with a copy of a transcript or tape of proceedings in chambers on June 27, 1997. Rule 58(e) requires that the court make a record of proceedings in court in connection with petty offenses. It has no application to Potts, who was prosecuted on felony charges. Furthermore, there is no transcript of the conference in chambers, which was held to discuss scheduling matters at the request of Potts' counsel and with Potts' express consent given on the record.[24] There being no transcript, this request must be denied.

### C. Motions at dockets 392 and 402

The motion at docket 392 requests discovery in the form of depositions from Potts' trial counsel, Ms. Geddes, trial counsel for Odell Fox, Matthew Claman, Assistant United States Attorney Stephan Collins, and the undersigned. The motion at docket 402 requests that Potts be transported to Anchorage to participate in an evidentiary hearing. However, it is evident that Potts seeks this discovery and the hearing in connection with an as yet-to-be-filed collateral attack on his conviction.[25]

---

[22]*See Clemens*, 428 F.3d at 1178-79 (The Ninth Circuit's "non-exhaustive list of various matters not ordinarily sufficient to require a § 455(a) recusal ... include ... speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters.").

[23]Because there are no grounds for recusal, the court need not reach the issue of timeliness, raised by the government. Doc. 395 at pp. 2 - 3.

[24]Doc. 160A at pp. 8-9.

[25]*See, e.g.*, Doc. 399 at p. 3 ("Defendant has presented documented evidence that his attorney denied him effective assistance of counsel when she informed the government that it had inadvertently failed to file the pretrial motion requesting enhancement of defendant's sentence if he were found guilty.").

Potts has already pursued one collateral attack in a motion under 28 U.S.C. § 2255,[26] which was denied on January 31, 2003.[27] Potts cannot pursue a second collateral attack without obtaining permission from the Court of Appeals as required by 28 U.S.C. §§ 2244(a) and 2255(h).[28] No certificate has been filed, and no collateral attack is pending, so the motion at docket 392 must be denied.

### D. Motions at dockets 393 and 394

As noted above, Potts cannot pursue any further collateral attack on his conviction and sentence unless he secures a certificate from the Court of Appeals. He has filed no such certificate. That leaves only Potts' potential request for relief from his sentence pursuant to 18 U.S.C. § 3582(c) and the Sentencing Commission's retroactive adjustment to the Guidelines for crack cocaine sentences (which does not require a certificate from the Court of Appeals) to support his two motions seeking expedited action.

The circumstances do not warrant expediting consideration of any request pursuant to § 3582(c). Potts' original request for relief under § 3582(c) was fully briefed, but when the court scheduled a hearing thereon, Potts requested a new lawyer, and the motion was denied without prejudice.[29] Subsequently, a new lawyer was appointed.[30] Thereafter, Potts filed a motion asking to proceed *pro se* without a lawyer.[31] As a result, his new lawyer moved to withdraw, and the court granted his motion to withdraw.[32] The

---

[26] *See* Case No. 3:02-cv-118.

[27] Docs. 306, 307 (denial of § 2255 motion); Docs. 313, 315 (Ninth Circuit's denial of a certificate of appealability).

[28] *See, e.g.*, Doc. 338 docketed 4/26/03 (Ninth Circuit's denial of filing a successive petition).

[29] Docs. 374, 377.

[30] Doc. 379.

[31] Doc. 380

[32] Docs. 384, 385.

upshot is that Potts is now proceeding *pro se*, and the delay in hearing his motion under section 3582[33] is based upon his own actions.

## IV. CONCLUSION

For the foregoing reasons, Potts' motions at docket 390, 391, 392, 393, 394, and 402 are **DENIED.**

DATED at Anchorage, Alaska, this 12th day of December 2008.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[33]Doc. 388.